UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00198 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DANIEL BROWN A/K/A JENNIFER ALVAREZ | MAG. JUDGE KAREN L. HAYES |

**WRITTEN REASONS FOR ISSUANCE OF A NON-GUIDELINE SENTENCE**

A sentencing hearing was held in the above-referenced matter on December 5, 2016, at 1:30 p.m. At that time, the Court considered Defendant Daniel Brown's ("Brown") sentencing memorandum in which he sought a downward deviation from the recommended Guideline range of imprisonment. The Court now issues these written reasons for the sentence imposed.

As required by *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007), prior to imposing sentence, the Court considered the United States Sentencing Commission Guideline range as the starting point and then also considered the factors set forth in 18 U.S.C. § 3553(a) factors. Under § 3553(a), the Court considered whether the recommended Guideline range of imprisonment reasonably addressed Brown's criminal conduct and adequately reflected (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) pertinent sentencing commission policy

statements; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The Court found that the recommended range of imprisonment resulted in a greater penalty than necessary to address Brown's criminal conduct and the considerations under § 3553(a). Particularly, the Court found that a deviation from the Guidelines was justified by the nature and circumstances of the offense and Brown's history and characteristics. Brown was evaluated and found to have a very low IQ. While the Probation Officer applied the correct base offense level, Brown is not the typical offender for this offense level. There was also no evidence that he had physical contact with the victim, who was located in Michigan, or any potential victim in the Delhi, Louisiana, area where he resides.

On the other hand, the Court also considered the seriousness of the offense and the aggressiveness of Brown in his pursuit of the pornographic images from the child victim. Ultimately, the Court concluded that a lower, but substantial, sentence along with a significant term of supervised release would provide respect for the law and just punishment for the offense while also providing Brown with the treatment he needs while incarcerated and the supervision and assistance he needs following incarceration to protect the public from any further crimes.

Based on all the considerations presented, the Court found that a sentence of 120 months of imprisonment followed by 10 years of supervised release was sufficient to address Brown's real conduct, to provide an appropriate sentence, and to achieve the goals of § 3553(a).

MONROE, LOUISIANA, this 5th day of December, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE